**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA          )
                                  )
v.                                )          Criminal No. 3:12CR63–HEH
                                  )
JEROME DANEK GLEATON,             )
                                  )
          Petitioner.             )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Jerome Danek Gleaton, a federal inmate proceeding *pro se*, submitted this motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion,"

ECF No. 33).[1]  Gleaton contends that the Court committed errors in conjunction with his

sentencing.  Specifically, Gleaton demands relief because:

| | |
|---|---|
| Claim One: | "Petitioner's sentence based on more than a detectable amount was in error." (*Id.* at 4.) |
| Claim Two: | "Defendant should not have been sentenced to more than what was defined in the Plea Agreement." (*Id.* at 5.) |
| Claim Three: | "The *Apprendi* and *Alleyne* cases of the Supreme Court provide for relief where errors have occurred." (*Id.* at 6.) |

Gleaton has also filed a brief raising additional claims, which the Court will construe as a

motion to amend ("First Motion to Amend," ECF No. 35) and will consider below.  The

Government has responded, asserting that the three claims Gleaton has raised in his

---

[1] The Court employs the pagination assigned to Gleaton's submissions by the CM/ECF docketing system.  The Court corrects the capitalization and punctuation in the quotations from Gleaton's submissions.

§ 2255 Motion are procedurally defaulted and lack merit. (ECF No. 39.) Gleaton has

filed a Traverse. (ECF No. 42.) Gleaton has also filed a motion to amend/supplement his

§ 2255 motion ("Second Motion to Amend," ECF No. 43), which the Court will also

consider below. For the reasons set forth below, Gleaton's § 2255 Motion (ECF No. 33),

and his motions to amend (ECF Nos. 35, 43), will be denied.

## I.    PROCEDURAL HISTORY

On April 2, 2012, a Criminal Complaint was filed, charging Gleaton with attempt

to possess with the intent to distribute 100 grams or more of a mixture containing a

detectable amount of heroin. (Crim. Compl. at 1, ECF No. 1.) Subsequently, on April

16, 2012, a grand jury returned an Indictment, charging Gleaton with attempt to possess

with the intent to distribute 100 grams of more of a mixture containing a detectable

amount of heroin. (Indictment 1, ECF No. 8.) On July 24, 2012, the Government filed a

Criminal Information, charging Gleaton with attempt to possess with intent to distribute a

mixture containing a detectable amount of heroin. (Crim. Information 1, ECF No. 18.)

That same day, Gleaton signed a Plea Agreement in which he agreed to plead guilty to

the charge contained in the Criminal Information. (Plea Agreement ¶ 1, ECF No. 21.)

During the Rule 11 colloquy, Gleaton agreed that he understood that the maximum

penalty that could be imposed was twenty years of imprisonment. (July 24, 2012 Tr. 14.)

On October 17, 2012, the parties appeared before the Court for Gleaton's

sentencing. The Court concluded that Gleaton qualified as a career offender under the

Sentencing Guidelines. (Oct. 17, 2012 Tr. 3.) That same day, the Court entered

judgment against Gleaton and sentenced him to 160 months of imprisonment.  (J. 2, ECF No. 30.)  Gleaton did not appeal.

## II.   CLAIMS RAISED IN § 2255 MOTION

### A.   Sentencing Error Claims

In Claim One, Gleaton contends that his "sentence based on more than a detectable amount was in error." (§ 2255 Mot. 4.)  Specifically, Gleaton argues that he "pled to no amount in the plea, and was sentenced for a detectable amount, but enhanced for 100 grams of what he attempted to purchase." (*Id.*)  In Claim Two, Gleaton alleges that he "should not have been sentenced to more than what was defined in the plea agreement." (*Id.* at 5.)  Because these claims are essentially identical, the Court will consider them together.

The procedural default rule bars these claims from review here, absent a showing of cause and prejudice or actual innocence, because Gleaton could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review.  But he is precluded from raising claims that are the sort that could have been raised on appeal.").  Gleaton has provided the Court with no argument to support a showing of cause and prejudice or actual innocence.  Accordingly, Claims One and Two will be dismissed.

3

**B.    *Apprendi* and *Alleyne* Claim**

In Claim Three, Gleaton contends that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), "provide for relief where errors have occurred." (§ 2255 Mot. 6.) Specifically, Gleaton argues that these decisions have "taken the court's authority back to the *Apprendi* era and limited the judge's ability to sentence a defendant based on uncharged elements of a crime." (*Id.* 6–7.)

In *Apprendi*, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, Gleaton's reliance on *Apprendi* does not provide relief, as Gleaton did not face any increased penalty beyond the twenty-year statutory maximum sentence.

In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. However, although *Alleyne* did announce a new constitutional rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, 799 F.3d 623, 624–25 (7th Cir. 2015) (citations omitted); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Furthermore, even if *Alleyne* was retroactive on collateral review, Gleaton would not be entitled to relief, as his guilty plea to the Criminal Information did not subject him to a mandatory minimum sentence. Even if the Court had made a determination as to drug weight and sentenced

4

Gleaton based upon that, *Alleyne* "did not disturb judicial factfinding at sentencing for facts that do not impact the statutory punishment." *United States v. Mason*, 547 F. App'x 235, 236 (4th Cir. 2013) (citation omitted). Accordingly, Claim Three is meritless and will be dismissed.[2]

### III. MOTIONS TO AMEND

As noted above, Gleaton has filed two motions to amend, seeking to assert additional claims. The Court considers each motion in turn below. "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).

#### A. First Motion to Amend

In his First Motion to Amend, filed on August 22, 2013, Gleaton raises the following claims:

Claim Four: "Court allowed Government to commit a charging and sentencing error which must be corrected for constitutional violations." (First Mot. Amend 2.)

Claim Five: "Petitioner's criminal history was improperly used." (*Id.* at 17.)

As to Claim Four, Gleaton claims that he "was not provided with a clearly written, plain, concise, definite indictment, and as such, was prejudiced from knowing what elements of

---

[2] In his brief supporting his § 2255 Motion, Gleaton raises an additional claim that his collateral attack waiver was not knowing and voluntary because neither counsel nor the court "actually broke down and explained every term within the plea agreement as is required, prior to the Court's acceptance." (Br. Supp. § 2255 Mot. 14–15.) However, in his Plea Agreement, Gleaton only agreed that he was waiving "the right to appeal the conviction and any sentence within the statutory maximum . . . ." (Plea Agreement ¶ 6.) At no time did Gleaton agree to waive his collateral attack rights. Therefore, this claim is also meritless.

§ 846 he was facing, thereby prejudicing him from knowing what potential penalties were possible outcomes in minimum and maximum sentences." (*Id.* at 5.)  Gleaton further contends that he was convicted of a crime he was never charged with because the Indictment did not contain a drug quantity. (*Id.* at 13–15.)  As to Claim Five, Gleaton believes that a 2000 controlled substance conviction should not have been used for sentencing enhancement purposes because it was not assigned any criminal history points. (*Id.* at 18.)

The procedural default rule would bar these claims from review, absent a showing of cause and prejudice or actual innocence, because Gleaton could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009).  Gleaton has provided the Court with no argument to support a showing of cause and prejudice or actual innocence.  Allowing Gleaton to amend to raise these claims would therefore be futile. *Pittman*, 209 F.3d at 317.  Accordingly, Gleaton's First Motion to Amend (ECF No. 35) will be denied.

## B.   Second Motion to Amend

In his Second Motion to Amend, Gleaton seeks leave to amend to raise the following claims:

> Claim Six:   "Trial counsel was ineffective for not objecting to the use of his attempted distribution as a career offender predicate." (Second Mot. Amend 4.)

> Claim Seven:  "Petitioner's enhancement under the career offender provision is invalid due to attempted distribution not qualifying." (*Id.* at 8.)

6

In both claims, Gleaton takes issue with the use of "his prior District of Columbia conviction for attempted distribution of cocaine" to determine that he qualified as a career offender. (*Id.* at 1.)

The Court appropriately denies as futile leave to amend, when the statute of limitations bars the new claim. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). As discussed below, the statute of limitations bars the claims Gleaton raises in his Second Motion to Amend.

### 1. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

7

Because Gleaton did not appeal, under 28 U.S.C. § 2251(f)(1), his conviction became final on Thursday, October 31, 2012. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). On July 2, 2013, Gleaton filed his § 2255 Motion within the statute of limitations.[3] (§ 2255 Mot. 12.) However, Gleaton filed his Second Motion to Amend on June 2, 2014, more than one year after his conviction became final. Because Gleaton failed to file his Second Motion to Amend within the one-year limit, the statute of limitations bars the motion unless Gleaton demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)–(4), entitlement to equitable tolling,[4] *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)), or the new claims relate back to the claims in the § 2255 Motion, *see Pittman*, 209 F.3d at 314.

## 2.    Belated Commencement

Gleaton fails to explain why, acting with due diligence, he was able to timely file his § 2255 Motion, but could not discover the facts supporting the claims raised in his Second Motion to Amend within the one-year limitation period. Rather, Gleaton asserts

---

[3] The court deems an inmate's motion filed on the date it is handed to prison staff for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] Neither Gleaton nor the record suggests circumstances that warrants equitable tolling or some other equitable exception to the statute of limitations.

that pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Whiteside v. United States*, 748 F.3d 541 (4th Cir.), *rev'd en banc*, 775 F.3d 180 (4th Cir. 2014), "this Court in the interest of justice has the authority to allow the instant claim[s] to be included in the pending motion to vacate, along with an order that the United States respond to the claim[s]." (Second Mot. Amend 1–2.)

In *Whiteside*, a panel of the United States Court of Appeals for the Fourth Circuit held that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review," 748 F.3d at 551, and allows a petitioner by bypass any bar imposed by the statute of limitations, *id.* at 548. However, the panel opinion upon which Gleaton relies was reversed by *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). *Whiteside* therefore provides no basis for rendering Gleaton's Second Motion to Amend timely filed.

In *Martinez*, the Supreme Court noted that in *Coleman v. Thompson*, 501 U.S. 722 (1991), the Court held that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse procedural default of a claim. 132 S. Ct. at 1319. The Court in *Martinez* "qualifie[d] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. However, *Martinez* is inapplicable to the issue of timeliness under the one-year statute of limitations. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir.) (declining to extend *Martinez* rule to time-barred petitions pursuant to 28 U.S.C. § 2254), *cert. denied*, 135

9

S. Ct. 106 (2014). Moreover, Gleaton is a federal prisoner attacking the legality of a federal conviction or sentence, and "*Martinez* is inapplicable to federal convictions and thus inapplicable to [Gleaton's] application." *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012).

Because Gleaton fails to demonstrate any meritorious grounds for belated commencement or equitable tolling, the statute of limitations bars his Second Motion to Amend unless the claims relate back to a claim raised in his original § 2255 Motion.

### 3.    Relation Back

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. *Pittman*, 209 F.3d at 317. Rule 15 allows for amendments to the petition after the one-year statute of limitations, provided the amendment relates back to the original timely filed petition. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." *Pittman*, 209 F.3d at 318. Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the

10

original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)).

In Claim Six, Gleaton contends that counsel was ineffective for not objecting to the use of his "attempted distribution of cocaine [conviction] under D.C. Code 33–541(a)(b) now 48–904.09." (Second Mot. Amend 4.) In Claim Seven, Gleaton asserts that "his predicate state crime of attempted distribution of a controlled substance does not qualify categorically as a controlled substance offense or controlled substance offense felony." (*Id.* at 8.) Gleaton raised no claims concerning his classification as a career offender in his original § 2255 motion. Accordingly, these claims "arise from separate occurrences of both 'time and type'" than his original claims. *Pittman*, 209 F.3d at 318 (quoting *Craycraft*, 167 F.3d at 457). Therefore, Claims Six and Seven fail to relate back and are barred by the statute of limitations. Gleaton's Second Motion to Amend (ECF No. 43) will be denied.

## IV.   CONCLUSION

For the foregoing reasons, Gleaton's § 2255 Motion (ECF No. 33) will be denied.

Gleaton's First and Second Motions to Amend (ECF Nos. 35, 43) will also be denied.

The action will be dismissed.  A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Gleaton and

counsel of record.

It is so ORDERED.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 18, 2016
Richmond, Virginia